WESTFIELD v. WESTFIELD.

SYMMES v. SYMMES.

1. A motion for continuance is addressed exclusively to the discretion of the Circuit judge, and is not reviewable by this court. His refusal to postpone the hearing of this case in the absence of defendant, who was his own counsel, approved.

2. Two notes were executed between the same parties, and on the same day, one payable in one year, and the other in two years, both calling for interest to be paid annually. *Held*, that the former drew annual interest after maturity, but that the latter did not.

3. A debtor is entitled to credit on his note for the amount paid by him to an indebtedness of his creditor under an order of court in supplementary proceedings against such creditor.

Before ALDRICH, J., Greenville, April, 1882.

The opinion states the case.

*Mr. E. F. Stokes*, for appellant.

*Messrs. T. Q. Donaldson* and *M. F. Ansel*, contra.

March 19th, 1883.   The opinion of the court was delivered by

MR. JUSTICE McIVER.   Were it not for the fact that we have had some previous acquaintance with the nature and object of these actions, inasmuch as they have, in different forms, been before this court on previous occasions, it would be extremely difficult, if not impossible, to understand from the meagre " Case " now presented what were the questions involved. It seems that under a decree of Judge Kershaw, of April 19th, 1881, the master was directed in both of these cases to restate the account between Edward F. Stokes, the present appellant, and the estate of John Westfield, deceased, and that accordingly the master submitted reports, in which he ascertained the balance due the appellant, after deducting all credits on two notes presented by him, against the estate of John Westfield, to be the sum of $1,588.54.   To these reports the appellant filed sundry exceptions, couched in such general terms that, without a previous knowledge of the fact, it would be impossible to ascertain the nature of the errors complained of.   The exceptions are as follows:

" Because the report is premature, the master having reported on certain matters which are pending before the Supreme Court, and which remain unsettled.

" The defendant excepts to so much of the master's report as

allows discounts on said notes to the amount of $4,992.49, and to the allowance of interest on the amount claimed as discounts on said notes.

" The defendant excepts to so much of the master's report as fixes the amount due on the notes mentioned in said report, to defendant, at $25,425, only, the amount due on said notes exceeding this.

" Because the amount still due, after deducting the discounts allowed by the master, exceeds $20,432.51.

" Because the amount still unpaid after deducting credits on notes, exceeds $1,588.54.

The cases came before Judge Aldrich for a hearing upon the reports of the master, which are set out in full in the case, and the exceptions thereto, above set out. When the cases were first called for hearing, on the evening of April 10th, 1882, they were postponed, " at the request of the appellant, until the next morning, with the understanding that they were to be taken up at 10 o'clock, appellant stating that his papers were not in court. At the call of the causes at the time appointed, the appellant was absent, and sent a message that he was unwell and could not attend." The Circuit judge then directed that a notice be served on the appellant that, unless sufficient cause be shown, at 3 o'clock P. M. of that day, orders would be presented to the court overruling the exceptions and confirming the reports. The sheriff, upon going to the house of appellant to serve this notice, was refused admittance, whereupon he left a copy of the notice with the sister of the appellant. At the hour appointed, no sufficient cause being shown, and the judge being satisfied that the plea of sickness was not well founded, and it being the last day of the term of the court, orders were granted overruling the exceptions and confirming the reports of the master. From these orders this appeal was taken in the following words :

" The defendant excepts to the orders of the presiding judge, and submits that the orders were premature, and that they should not have been passed without allowing defendant a hearing upon the exceptions, and he submits that there is still due on the notes, after deducting all legal credits, the amount of $11,143.56.

From the foregoing statements derived from the " Case " as

prepared for argument here, it appears that the only ground of appeal which we could properly be called upon to consider, is whether there was any error on the part of the Circuit judge in proceeding to hear the cases in the absence of the appellant, who seems to have been acting as his own counsel. It has so often been adjudged that questions of continuances of cases are addressed exclusively to the discretion of the Circuit judge and are not reviewable by this court, that it seems wholly unnecessary to cite the authorities. But even were we at liberty to consider such questions, we do not see how we could say that there was any error in proceeding with the hearing of these cases, notwithstanding the absence of the appellant. He was in court when the cases were first called for hearing, and on his motion and for his convenience they were postponed to a designated hour on the next day, with the understanding that they were then to be heard. When the hour thus appointed arrived, the appellant was absent, and his absence was accounted for by a simple message that he was unwell and unable to attend. No certificate from a physician was produced—not even an affidavit from appellant or any friend or member of his family, showing his inability to attend the court, and yet the judge extended him still further indulgence, giving him explicit notice that if no sufficient cause should be shown, the court would proceed with the hearing of the causes at a designated hour, which was very near the close of the term. And when that hour arrived, no sufficient cause being shown, we do not see what else the judge could do, in justice to the other parties litigant, but proceed with the hearing of the causes.

We are entirely satisfied that there was not only no error upon the part of the Circuit judge, but that he extended every indulgence to the appellant which he could reasonably demand or expect. If he had done as other parties litigant are expected and required to do—furnish the court with satisfactory legal evidence of his inability to attend the court, we do not doubt that the Circuit judge would have pursued a different course. But when the appellant persistently refused to pay any attention to the summons from the court, and even denied admittance to the officer sent to notify him, he certainly could not expect that

indulgence which the court is always disposed to extend to a party litigant who, by some accident or from some cause beyond his control, has been found in default.

While this would be sufficient to dispose of this appeal, we have been induced, by what seems to be the earnest conviction of appellant that great injustice has been done him, to look into what we understand to be his real grounds of complaint, not because we think the appellant has any legal right to demand it, but simply *ex gratia.* His first exception to the reports of the master has nothing whatever in the " Case " as presented here to sustain it, and from our previous knowledge of these cases we are satisfied that there is nothing upon which it could be sustained. The other grounds of appeal really involve but two questions: 1st. Whether both or only one of the notes presented by appellant against the estate of Westfield, bore annual interest after maturity. 2d. Whether the estate of Westfield was entitled to credit on the notes for the amounts which the trustees had been required to pay on judgments obtained against appellant by various of his creditors under proceedings supplementary to an execution.

While we think that both of these questions have been already adjudged in the previous course of this litigation, we may take this occasion to say that, in our opinion, they were correctly adjudged by Judge Kershaw, adversely to the views contended for by appellant. He seems to think that because the two notes are very nearly identical in form, the decree of Judge Kershaw, adjudging that one bears annual interest after maturity, while the other does not, is manifestly inconsistent, and, therefore, must be erroneous. The fact is, however, that, so far from these notes being practically identical in form, there is a material and fundamental difference between them—one being payable *within twelve months* after its date, while the other is payable *more* than twelve months after its date; and the law is well settled, that when the maker of a note promises to pay the sum mentioned in it, at twelve or within twelve months after its date, " with interest from date *payable annually,*" it is necessary, in order to give the words italicized any force and effect, to construe the promise as a promise to pay the interest annually until

the note is fully paid. Hence, on a note so drawn the interest will continue to be payable annually *after*, as well as before, maturity. But where the promise is to pay *more* than twelve months after date, "with interest from date payable annually," no such necessity arises, and therefore the interest does not continue to be payable annually *after* maturity. This doctrine is so well settled in this State that it is not necessary to do more than refer to the cases. *Singleton* v. *Lewis*, 2 *Hill* 408 ; *O'Neall* v. *Sims*, 1 *Strobh.* 115 ; *O'Neall* v. *Bookman*, 9 *Rich.* 80 ; *Wright* v. *Eaves*, 10 *Rich. Eq.* 582 ; *Sharpe* v. *Lee*, 14 *S. C.* 341.

In regard to the other question, as to allowing the estate of Westfield credit on the notes for the amounts which the trustees had been required to pay out of the property placed in their hands to meet these notes, on judgments against appellant, under supplementary proceedings, we do not think there can be any doubt. If any wrong was done to appellant in the recovery of those judgments, or in the orders under the supplementary proceedings, such wrong should have been corrected by appeal from such judgments or order, or by some proceeding to set them aside. But surely after the trustees had been compelled to apply a portion of the proceeds of Westfield's property to the payment of debts of the appellant, which were in judgment against him, it was nothing but the plainest equity that the estate of Westfield should have credit for the amounts so paid.

We are satisfied, therefore, that in no view of the case has the appellant any legal ground to complain of the judgments rendered in these cases. The judgment of this court is, that the judgment of the Circuit Court in both of the cases above stated be affirmed.